1  MONIQUE C. WINKLER (Cal. Bar No. 213031)
   BERNARD B. SMYTH (Cal. Bar No. 217741)
2    SmythB@sec.gov
   TRACY DAVIS (Cal. Bar No. 184129)
3    DavisTL@sec.gov

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
6  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501

7

8

9

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15  SECURITIES AND EXCHANGE COMMISSION,        Case No.

16                 Plaintiff,

17          v.                                 **CONSENT OF DEFENDANT
                                               MANUEL A. ROMERO**
18  MANUEL A. ROMERO,

19                 Defendant.

20

21

22          1.      Defendant Manuel A. Romero ("Defendant") waives service of a summons and

23  the complaint in this action, enters a general appearance, and admits the Court's jurisdiction

24  over Defendant and over the subject matter of this action.

25          2.      Without admitting or denying the allegations of the complaint (except as

26  provided herein in paragraph 12 and except as to personal and subject matter jurisdiction,

27  which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the

28

form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10b of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder;

(b) orders Defendant to pay disgorgement in the amount of $91,819 plus prejudgment interest thereon in the amount of $6,655; and

(c) orders Defendant to pay a civil penalty in the amount of $50,000 under Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

3. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

1      4.      Defendant agrees that he shall not seek or accept, directly or indirectly,

2   reimbursement or indemnification from any source, including but not limited to payment

3   made pursuant to any insurance policy, with regard to any civil penalty amounts that

4   Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts

5   or any part thereof are added to a distribution fund or otherwise used for the benefit of

6   investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction

7   or tax credit with regard to any federal, state, or local tax for any penalty amounts that

8   Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts

9   or any part thereof are added to a distribution fund or otherwise used for the benefit of

10  investors.

11     5.      Defendant waives the entry of findings of fact and conclusions of law pursuant

12  to Rule 52 of the Federal Rules of Civil Procedure.

13     6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry

14  of the Final Judgment.

15     7.      Defendant enters into this Consent voluntarily and represents that no threats,

16  offers, promises, or inducements of any kind have been made by the Commission or any

17  member, officer, employee, agent, or representative of the Commission to induce Defendant

18  to enter into this Consent.

19     8.      Defendant agrees that this Consent shall be incorporated into the Final

20  Judgment with the same force and effect as if fully set forth therein.

21     9.      Defendant will not oppose the enforcement of the Final Judgment on the

22  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil

23  Procedure, and hereby waives any objection based thereon.

24     10.     Defendant waives service of the Final Judgment and agrees that entry of the

25  Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to

26  Defendant of its terms and conditions. Defendant further agrees to provide counsel for the

27  Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court,

28

1 with an affidavit or declaration stating that Defendant has received and read a copy of the
2 Final Judgment.

3       11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims
4 asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise
5 or representation has been made by the Commission or any member, officer, employee, agent,
6 or representative of the Commission with regard to any criminal liability that may have arisen
7 or may arise from the facts underlying this action or immunity from any such criminal
8 liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this
9 proceeding, including the imposition of any remedy or civil penalty herein. Defendant further
10 acknowledges that the Court's entry of a permanent injunction may have collateral
11 consequences under federal or state law and the rules and regulations of self-regulatory
12 organizations, licensing boards, and other regulatory organizations. Such collateral
13 consequences include, but are not limited to, a statutory disqualification with respect to
14 membership or participation in, or association with a member of, a self-regulatory
15 organization. This statutory disqualification has consequences that are separate from any
16 sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding
17 before the Commission based on the entry of the injunction in this action, Defendant
18 understands that he shall not be permitted to contest the factual allegations of the complaint in
19 this action.

20       12.    Defendant understands and agrees to comply with the terms of 17 C.F.R.
21 § 202.5(e), which provides in part that it is the Commission's policy "not to permit a
22 defendant or respondent to consent to a judgment or order that imposes a sanction while
23 denying the allegations in the complaint or order for proceedings," and "a refusal to admit the
24 allegations is equivalent to a denial, unless the defendant or respondent states that he neither
25 admits nor denies the allegations." As part of Defendant's agreement to comply with the
26 terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be
27 made any public statement denying, directly or indirectly, any allegation in the complaint or
28

creating the impression that the complaint is without factual basis; (ii) will not make or permit
to be made any public statement to the effect that Defendant does not admit the allegations of
the complaint, or that this Consent contains no admission of the allegations, without also
stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent,
Defendant hereby withdraws any papers filed in this action to the extent that they deny any
allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge
set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the
complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil
penalty or other amounts due by Defendant under the Final Judgment or any other judgment,
order, consent order, decree or settlement agreement entered in connection with this
proceeding, is a debt for the violation by Defendant of the federal securities laws or any
regulation or order issued under such laws, as set forth in Section 523(a)(19) of the
Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the
Commission may petition the Court to vacate the Final Judgment and restore this action to its
active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or
(ii) right to take legal or factual positions in litigation or other legal proceedings in which the
Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the
Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law
to seek from the United States, or any agency, or any official of the United States acting in his
or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,
expenses, or costs expended by Defendant to defend against this action. For these purposes,
Defendant agrees that Defendant is not the prevailing party in this action since the parties
have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Judgment to the
Court for signature and entry without further notice.

1       15.    Defendant agrees that this Court shall retain jurisdiction over this matter for

2 the purpose of enforcing the terms of the Final Judgment.

3

4 Dated: _03/29/2022_                                     

5                                        Manuel A. Romero

6

7 Approved as to form:

8

9 Wendy Thomas

10 TT&E Law Group, LLP

6101 West Centinela Avenue

Suite 270

11 Culver City, CA 90230

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _Sonoma_ )

On _3/29/2022_ before me, _Ashley Shimizu, notary public_ ,

    *Date*                          *Here Insert Name and Title of the Officer*

personally appeared _Manuel A. Romero_

                               *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
ASHLEY SHIMIZU
Notary Public · California
Sonoma County
Commission # 2361623
My Comm. Expires Jul 14, 2025
```

Signature _Ashleyshimzu_

                   *Signature of Notary Public*

*Place Notary Seal Above*

──────────── **OPTIONAL** ────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |